Hudson M. Jobe
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PSG MID-CITIES MEDICAL CENTER, LLC | § | CASE NO. 23-30991-swe7 |
| d/b/a SAINT CAMILLUS MEDICAL | § | (Chapter 7) |
| CENTER, | § | |
| | § | |
| DEBTOR | § | |

**TRUSTEE'S MOTION FOR APPROVAL OF DISTRIBUTION OF PROCEEDS OF
BANK7 SETTLEMENT AND SALE OF PERSONAL PROPERTY**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON OCTOBER 16, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE SCOTT W. EVERETT, BANKRUPTCY JUDGE:**

COMES NOW, Scott M. Seidel, the Chapter 7 Trustee ("**Trustee**") of the referenced

Chapter 7 bankruptcy case (the "**Bankruptcy Case**"), and files this his *Trustee's Motion to Approve*

*Distribution of Proceeds of Bank7 Settlement and Sale of Personal Property* (the "**Motion**"), respectfully stating as follows:

## I.     RELIEF REQUESTED

1. By this Motion, the Trustee requests that the Court approve an agreed resolution of asserted secured claims against certain funds that the Trustee is holding, specifically proceeds of sale of personal property and litigation claims, approve the Trustee's distribution of proceeds to these agreed secured claims, and approve the retention of the remainder for the general unsecured estate. Under the proposal, the Trustee will distribute $360,000.00 of the $1,127,616.70 proceeds in full satisfaction of all asserted secured claims against those funds and retain the remainder for the general unsecured estate.

## II.     BACKGROUND

2. On May 19, 2023 (the "Petition Date"), PSG Mid-Cities Medical Center, LLC d/b/a Saint Camillus Medical Center (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), thereby creating its bankruptcy estate (the "Estate") and commencing Bankruptcy Case No. 23-30991 (the "Bankruptcy Case") before the Bankruptcy Court.

3. The Trustee is the duly appointed Chapter 7 trustee of the Debtor and the Estate in the Bankruptcy Case.

4. On November 27, 2023, Bank7 filed Proof of Claim No. 19 in the Debtor's Bankruptcy Case as a secured claim in the amount of $11,198,789.53 claiming, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on March 18, 2020 (the "Bank7 Claim").

5. On December 26, 2023, Varilease filed Proof of Claim No. 22 in the Debtor's Bankruptcy Case as a secured claim in the amount of $889,317.34 claiming, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on May 24, 2017 (the "Varilease Proof of Claim").

6. On May 2, 2024, Cardinal Health 110, LLC filed Proof of Claim No. 32 in the Debtor's Bankruptcy Case as a secured claim in the amount of $3,609.97. On May 2, 2024, Cardinal Health 200, LLC filed Proof of Clain No. 33 in the Debtor's Bankruptcy case as a secured claim in the amount of $94,747.21. Both claims are collectively referred to as the "Cardinal Health Claims"). Both Cardinal Health Claims claim, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on August 30, 2016.

7. The Trustee is in possession of a Subordination Agreement dated March 13, 2020 that allegedly subordinates the lien position of Cardinal Health to Bank7.

8. The Trustee negotiated surcharge agreements with Bank7, Cardinal Health, and Varilease that provided, among other things, for the Trustee to retain 50% of the value attributable to those parties' secured claims against certain property for the benefit of the unsecured creditors. Those surcharge agreements were finalized and filed in the Bankruptcy Case on November 17, 2023 at Dkt. Nos. 68-70.

9. On December 28, 2023, the Bankruptcy Court entered an Order approving the Trustee's settlement with Bank7 at Dkt. No. 94 that provided, among other things, for the payment of $275,000.00 by Bank7, a release of certain claims of the estate against Bank 7, and an additional surcharge of 100% of Bank7's lien position on certain personal property.

10. As set forth in the Trustee's Report of Sale of Personal Property (Dkt. No. 115), the Trustee sold certain personal property of the Debtor pursuant to the Court's Order Granting Trustee's Expedited Motion to Sell Personal Property Free and Clear of Liens and to Authorize Surcharges With Respect to the Same (Dkt. No. 93) (the "<u>Sale Order</u>"). To facilitate the auction, the Trustee employed the services of BidMed, LLC. The Trustee realized gross auction proceeds of $1,117,582.30. Pursuant to the Sale Order, the Trustee was authorized to remit: (1) the fees and expenses of BidMed, LLC, which consisted of a 10% commission and expense reimbursement up to $20,000.00 (for a total to BidMed LLC of $131,758.23); and (2) ad valorem property taxes in the amount of $133,207.37. The net remaining after payment of BidMed LLC and property taxes was $852,616.70, of which the Trustee claims he is entitled to retain at least 50% ($426,308.35) under the prior surcharge agreements for unsecured creditors, as well as additional sums under the Bank7 settlement.

11. On February 15, 2024, CMR Partners, LTD filed a Notice of Assignment of Claim Other Than For Security notifying parties that Bank7 had assigned the Bank7 Claim to CMR Partners, LTD.

12. The Trustee asserts that disputes exist concerning the validity, priority, and extent of liens under the various security agreements, UCC-1's, subordination agreement, surcharge agreements, and settlement agreements.

13. The Trustee seeks an Order approving the agreed disposition of proceeds of the Bank7 settlement agreement and the proceeds from the sale of personal property, as set forth herein, in full and final satisfaction of all asserted secured claims against this property.

### III.     PROPOSED DISTRIBUTION

14. The Trustee is holding $275,000.00 as the proceeds of the Bank7 settlement and $426,308.35 in proceeds from the personal property sale not covered by the surcharge agreement and arguably subject to liens of secured parties.

15. The Proposed Agreed Order attached as **Exhibit A** hereto provides for the payment of $35,000.00 to Cardinal Health and $325,000.00 to Varilease in full satisfaction of their alleged secured claims against the proceeds of the Bank7 settlement and the proceeds of the sale of the Debtor's personal property. The Trustee will retain $341,308.35 for unsecured creditors.

16. Several arguments exist regarding the perfection and priority of liens. The Trustee maintains that the Bank7 settlement proceeds are not subject to any secured claims because they are settlement of commercial tort claims not covered by any parties' UCC's. The Trustee further maintains that certain qualifying language in Varilease's security agreement arguably results in Varilease not having an attached secured claim on this property, and that party name in Cardinal Health's security agreement arguably results in Cardinal Health not having an attached secured claim in this property. The Trustee understands that both Varilease and Cardinal Health disagree with the Trustee's arguments against the secured nature of their respective claims.

17. With respect to priority, Cardinal Health can arguably assert a first-in-time secured claim for $49,178.59 (half of its total claim per the surcharge agreement). Varilease can arguably assert a second-in-time secured claim for $444,658.67. Bank7's secured claim was third-in-time, but had the benefit of the Cardinal Health subordination agreement. Varilease and the Trustee can argue that Cardinal Health's subordination agreement places Cardinal Health out of the money because it falls after Bank7, which has provided the Trustee with a surcharge of its lien position.

18. The Trustee maintains that the proposed distribution and resolution of these secured claims constitutes a reasonable exercise of the Trustee's business judgment under the circumstances given the cost and delays associated with litigating the issues.

### IV. ARGUMENTS AND AUTHORITIES

19. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. *See also Official Comm. Of Unsecured Creditors v. Cajun Elec. Power Coop. Inc. (In re Cajun Elec. Power Coop. Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 559, 602 (5th Cir. 1960). The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted). The settlement need not result in the best possible outcome for the Estate, but must not "fall beneath the lowest point in the range of reasonableness." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Finally, the Trustee is entitled to employ his reasonable business judgment in proposing a settlement, and that

judgment is entitled to reasonable deference from the Court where, as here, the proposed settlement is not between insiders:

> The Trustee's decision to settle must represent the interests of the bankruptcy estate and its creditors and is reviewed under the 'business judgment rule.' Under the business judgment rule, the challenging party must establish that the course of action chosen by the fiduciary was outside the parameters of what a rational and reasonably informed businessperson might select. The business judgment rule creates a presumption in favor of the fiduciary.

*In re Woodberry*, 629 B.R. 239, 243 (Bankr. E.D. Mich. 2021) (internal quotations omitted).

20.    Here, the Trustee believes that the proposed distribution set forth in the Proposed Agreed Order is fair, equitable, and in the best interests of the estates for the reasons set forth above. The Trustee believes it is in the best interests of the estate to settle now for a fair and reasonable amount rather than litigate difficult claims for possibly years with appeals.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order: (i) granting this Motion; (ii) approving the Proposed Agreed Order attached as **Exhibit A** hereto, and authorizing the Trustee to execute, deliver, and perform under the Agreed Order; and (iii) granting the Trustee such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

**ATTORNEYS FOR THE TRUSTEE**