CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 27, 2025**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PSG MID-CITIES MEDICAL CENTER, LLC d/b/a SAINT CAMILLUS MEDICAL CENTER, | § | CASE NO. 23-30991-swe7 (Chapter 7) |
| | § | |
| DEBTOR | § | |

**AGREED ORDER ON DISTRIBUTION OF PROCEEDS OF BANK7 SETTLEMENT AND SALE OF PERSONAL PROPERTY (DKT NO. 141)**

On this day came for consideration the Trustee's Motion to Approve Distribution of Proceeds of Bank7 Settlement and Sale of Personal Property (Dkt. No. 141) (the "Motion"), as well as any responses or objections thereto. Based upon the prior record in this case, the record at the hearing, arguments of counsel, and the agreement of Scott M. Seidel, Trustee (the "Trustee"), Varilease Finance, Inc. ("Varilease") and Cardinal Health ("Cardinal"), the Court finds as follows:

A. On May 19, 2023 (the "Petition Date"), PSG Mid-Cities Medical Center, LLC d/b/a Saint Camillus Medical Center (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Texas

B. (the "Bankruptcy Court"), thereby creating its bankruptcy estate (the "Estate") and commencing Bankruptcy Case No. 23-30991 (the "Bankruptcy Case") before the Bankruptcy Court;

C. The Trustee is the duly appointed Chapter 7 trustee of the Debtor and the Estate in the Bankruptcy Case;

D. On November 27, 2023, Bank7 filed Proof of Claim No. 19 in the Debtor's Bankruptcy Case as a secured claim in the amount of $11,198,789.53 claiming, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on March 18, 2020 (the "Bank7 Claim");

E. On December 26, 2023, Varilease filed Proof of Claim No. 22 in the Debtor's Bankruptcy Case as a secured claim in the amount of $889,317.34 claiming, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on May 24, 2017 (the "Varilease Proof of Claim");

F. On May 2, 2024, Cardinal Health 110, LLC filed Proof of Claim No. 32 in the Debtor's Bankruptcy Case as a secured claim in the amount of $3,609.97. On May 2, 2024, Cardinal Health 200, LLC filed Proof of Clain No. 33 in the Debtor's Bankruptcy case as a secured claim in the amount of $94,747.21. Both claims are collectively referred to as the "Cardinal Health Claims"). Both Cardinal Health Claims claim, among other things, perfection of a lien on certain personal property of the Debtor pursuant to UCC-1 filed on August 30, 2016;

G. The Trustee is in possession of a Subordination Agreement dated March 13, 2020 that allegedly subordinates the lien position of Cardinal Health to Bank7;

H. The Trustee negotiated surcharge agreements with Bank7, Cardinal Health, and Varilease that provided, among other things, for the Trustee to retain 50% of the value attributable to those parties' secured claims against certain property for the benefit of the unsecured creditors. Those surcharge agreements were finalized and filed in the Bankruptcy Case on November 17, 2023 at Dkt. Nos. 68-70;

I. On December 28, 2023, the Bankruptcy Court entered an Order approving the Trustee's settlement with Bank7 at Dkt. No. 94 that provided, among other things, for the payment of $275,000.00 by Bank7, a release of certain claims of the estate against Bank 7, and an additional surcharge of 100% of Bank7's lien position on certain personal property;

J. As set forth in the Trustee's Report of Sale of Personal Property (Dkt. No. 115), the Trustee sold certain personal property of the Debtor pursuant to the Court's Order Granting Trustee's Expedited Motion to Sell Personal Property Free and Clear of Liens and to Authorize Surcharges With Respect to the Same (Dkt. No. 93) (the "Sale Order"). To facilitate the auction, the Trustee employed the services of BidMed, LLC. The Trustee realized gross auction proceeds of $1,117,582.30. Pursuant to the Sale Order, the Trustee was authorized to remit: (1) the fees and expenses of BidMed, LLC, which consisted of a 10% commission and expense reimbursement up to $20,000.00 (for a total to BidMed LLC of $131,758.23); and (2) ad valorem property taxes in the amount of $133,207.37. The net remaining after payment of BidMed LLC and property taxes was $852,616.70, of which the Trustee claims he is entitled to retain at least 50% ($426,308.35) under the prior surcharge agreements for unsecured creditors, as well as additional sums under the Bank7 settlement;

K. On February 15, 2024, CMR Partners, LTD filed a Notice of Assignment of Claim Other Than For Security notifying parties that Bank7 had assigned the Bank7 Claim to CMR Partners, LTD;

L. Varilease represents and warrants that it is the lawful holder of all rights to the Varilease Proof of Claim, and Cardinal Health represents and warrants that it is the lawful holder of all rights to the Cardinal Health Claims; and

M. The Trustee asserts that disputes exist concerning the validity, priority, and extent of liens under the various security agreements, UCC-1's, subordination agreement, surcharge agreements, and settlement agreements. The parties signing below agree to resolve the disputes concerning the distribution of the proceeds of the Bank7 settlement agreement and the proceeds from the sale of personal property pursuant to the terms of this Agreed Order.

Based upon the foregoing findings and the agreement of the parties, it is

**ORDERED** that the Trustee is authorized and directed to remit the sum of $35,000.00 to Cardinal Health in full satisfaction of Cardinal Health's[1] alleged secured claim against the proceeds of the Bank7 settlement and the proceeds of the sale of the Debtor's personal property; it is further

[1] Including its predecessors, successors, assigns, and affiliates, including but not limited to, Cardinal Health 110, LLC and Cardinal Health 200, LLC.

**ORDERED** that the Trustee is authorized and directed to remit the sum of $325,000.00 to Varilease in full satisfaction of Varilease's[2] alleged secured claim against the proceeds of the Bank7 settlement and the proceeds of the sale of the Debtor's personal property; it is further

**ORDERED** that subject to the Trustee making the payments to Cardinal Health and Varilease above, the Court finds that the proceeds of the Bank7 settlement and the proceeds of the sale of the Debtor's personal property are otherwise unencumbered and the Trustee is entitled to retain the remainder of the proceeds of the Bank7 settlement and the proceeds of the sale of the Debtor's personal property for the benefit of the unsecured Estate; it is further

**ORDERED** that this Order shall be effective upon entry of a final non-appealable order and shall be binding on all parties-in-interest in the Bankruptcy Case, including the parties set forth on the Service List to the Motion; it is further

**ORDERED** that the payments to be made by the Trustee pursuant to this Order shall be made by check or cashier's check, and mailed within 30 days of the receipt of a completed W9 and payment instructions from the payee; it is further

**ORDERED** this Order shall not prejudice the rights of any party with respect to the allowance or disallowance of any unsecured Proofs of Claim, except that any allowed claims of the parties shall be reduced by the amount of the payments made pursuant to this Order; it is further

**ORDERED** that within seven (7) days of the receipt of the foregoing distributions, Cardinal Health and Varilease shall file amended Proofs of Claim to reflect the new amount

---

[2] Including its predecessors, successors, assigns, and affiliates.

of their asserted claim; it is further

**ORDERED** that the Bankruptcy Court shall retain jurisdiction over the interpretation and enforcement of this Order.

# # # END OF ORDER # # #

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/ Terri Jane Freedman, Esq.*
Terri Jane Freedman, Esq.
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 530-2152
Fax: (973) 325-1501
E-Mail: tfreedman@csglaw.com

**ATTORNEYS FOR CARDINAL HEALTH**

*/s/ Troy J. Aramburu*
Troy J. Aramburu
Utah Bar No. 10444
SNELL & WILMER L.L.P
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84108
(801) 257-1525 (Telephone)

**ATTORNEYS FOR VARILEASE FINANCE, INC.**

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

**ATTORNEYS FOR THE TRUSTEE**